UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ATRIUM 5 LIMITED,

    Plaintiff,

v.                                       Case No: 6:16-cv-1964-Orl-22TBS

MOHAMMAD HOSSAIN, REEDH FOOD
MART, INC., TERRELL ANDERSON,
EUGENE HALL and GEORGE DALLAS,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Atrium's Motion for Default Judgment Against Defendant, George Dallas (Doc 39). Upon due consideration I respectfully recommend that the motion be denied without prejudice.

### I. Background

Plaintiff, Atrium 5 Limited seeks a declaratory judgment against Defendants, Mohammad Hossain, Reedh Food Mart, Inc., Terrell Anderson, Eugene Hall and George Dallas, concerning its obligations under an insurance policy (Doc. 1). The policy was issued to Mohammad Hossain DBA REEDH Food Mart, for the coverage period, May 8, 2015 to May 8, 2016 (Id. at ¶ 9). Atrium wants to know whether it has the duty to defend and/or indemnify Hossain and/or Food Mart in a state lawsuit styled: Terrell Anderson and Eugene Hall v. REEDH Food Mart, Inc. d/b/a Big Brother's Food Mart, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County Florida, Case Number 2016-CA-007340-O (Id. at ¶ 10).

The state court case results from an incident that occurred while Anderson and Hall

were selling clothing and other items from a large truck parked in Food Mart's parking lot (Id. at ¶¶ 11-12). Anderson went inside the store to purchase a soda (Id. at ¶ 12). When he returned, he and Hall heard gunshots and saw four unidentified men in a pick-up truck shooting at Dallas (Id. at ¶ 13). "The gunmen then directed their attention to [ ] Anderson and Hall, who were each shot three times" (Id. at ¶ 14). Atrium surmises that the shooting was in retaliation for at least one of two armed robberies Hall had been involved in earlier that day (Id. at ¶¶ 15-16). The gunmen have not been identified (Id. at ¶ 19).

In the state court case, Anderson and Hall assert premises liability related negligence claims against Food Mart (Id. at ¶ 20).[1] The policy was in effect at the time of the shooting. The issue is whether the policy obligates Atrium to defend and indemnify Hossain and Food Mart against the claims asserted by Hall, Anderson, and Dallas (Id. at ¶ 21). Atrium is providing a defense for its insured under a reservation of rights but argues that there is no coverage for any claims resulting from the shooting and therefore, it has no duty to defend and/or indemnify the named insured, Hossain, or Food Mart (Id. at ¶ 22). Plaintiff does not allege that Dallas has filed suit against its insureds.

In this case, Dallas was served by delivering the summons and a copy of the complaint to Felicia Dallas, a person over the age of 15, "as sister and co-resident" at 3403 Forestdale Drive, Orlando, FL 32808 (Doc. 33 at 3). Dallas did not respond and on April 19, 2017 the Clerk entered default against him (Doc. 38). Now, Atrium seeks a default judgment against Dallas (Doc. 39). No papers have been filed in opposition to the motion and the time within to do so has expired.

---

[1] https://myeclerk.myorangeclerk.com/CaseDetails?caseId=9846619&caseIdEnc=JbXM29qGstLAssZ3BUosTLKk6oj3jDyN2tBf8OjLVqUTKoItsSngqdHB0rZ2Gw%2FxFigSre4Zj5o%2BCFyXN0LevzKpWCtsNMNf66VgOekn%2F%2FY%3D.

## II. Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, a defendant's default alone does not require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Before judgment is entered pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." See id. at 1544.

### A. Service of Process

An individual may be served by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's "dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive process; or by a manner permitted under the laws of the state in which the federal district court is located

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

for an action brought in a court of jurisdiction in that state. FED. R. CIV. P. 4(e). In Florida, an individual may be served at his home if one of two conditions are met. The process server must either deliver a copy of the summons and complaint directly to the defendant or leave a copy with a "person residing therein who is 15 years of age or older." FLA. STAT. 48.031(1)(a). It appears that Plaintiff has obtained good service on Dallas.

### B. Entry of Default Judgment is Not Appropriate at this Stage in the Case

As a general proposition, where there are multiple defendants, judgment should not be entered against a defaulted party alleged to be jointly liable, until the case has been adjudicated with regard to all the defendants. Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C., No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011). This is consistent with the United States Supreme Court's statement in Frow v. De La Vega, 82 U.S. 552, 554 (1872) that:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

As the Court explained in Politano v. Ott, No. 6:07-cv-958-Orl18DAB, 2008 WL 4104137, at *1 (M.D. Fla. Aug. 6, 2008):

> This prohibition against logically inconsistent judgments does not apply only to cases where liability is deemed to be joint. In this circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." Gulf Coast Fans v. Midwest Elecs. Imp., 740 F.2d 1499, 1512 (11th Cir.1984) (citing C. Wright & A. Miller, Federal Practice and Procedure, § 2690, 6 Moore, Federal Practice, ¶ 55.06, and reasoning that it would be inconsistent for the plaintiff to collect a judgment against the defaulting defendant on a contract when a jury, in a suit against

> another defendant under the same contract, had found that the plaintiff itself had breached that contract). This district has followed Frow and has been sensitive to the risk of inconsistent judgments. See Centimark Corp. v. A to Z Coating & Sons, Inc., 2007 WL 4557247 (M.D.Fla.2007), affirmed, 2008 WL 2909299 (11th Cir. July 30, 2008) (unpublished); Temporary Services Insurance Ltd. v. O'Donnell, 2008 WL 2730997, 1 (M.D.Fla.2008) (slip opinion-declining to enter default judgment against some defendants where other claims remained against other defendants, noting: "the risk of inconsistent judgments").

This has become the preferred practice in this Court and has been extended beyond situations in which the defaulting defendant may be jointly liable with non-defaulting defendants. The practice also applies "to situations [like this case] where an insurer seeks a declaration that it has no duty to defend or indemnify the defaulting defendant and the other defendants who contest the insurer's allegations." N. Pointe. Ins. Co. v. Global Roofing & Sheet Metal, Inc, No. 6:12-cv-476-Orl-31TBS, 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2012) (citing Essex Ins. Co. v. Moore, No. 6:11-cv-515-Orl-19KRS, 2011 WL 3235685 (M.D. Fla. July 28, 2011)). I am unaware of any claim made by Dallas against Atrium's insureds. Still, if the Court enters default judgment against Dallas now, and Anderson and Hall subsequently prevail, the result will be inconsistent declaratory judgments involving similarly situated Defendants. To avoid this possibility, I respectfully recommend that the motion for default final judgment be denied.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the district judge **DENY** Atrium's Motion for Default Judgment and Brief in Support Against Defendant, George Dallas (Doc 39).

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 26, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties